The STATE, use of JONES, Adm'r. of ALEXANDER GULLET *vs.* WILLIAM BURTON, Sheriff et al.

A recognizance in the Orphans' Court for the acceptance of intestate lands, is a *lien* from its *caption.*

The record acknowledgment of *satisfaction* for shares of such recognizance must be proved like any other *receipt.*

DEBT on sheriff's recognizance. Plea, performance. Special replication setting out a breach in the non-payment to plaintiff of the balance of the proceeds of sale of Gullet's land remaining in the sheriff's hands, after satisfying the judgment and execution on which it was sold, and all other liens. Rejoinder to this replication, and issue.

The plaintiff proved the judgment and proceedings on which his intestate's land was sold; the sale of the land for more than sufficient to pay that judgment, and his own representative capacity; and closed.

The defendant set up other liens against the land of Alexander Gullet, and exhibited the office record of a *recognizance* in the Orphans' Court entered into by Alexander Gullet on the acceptance of

his father John Gullet's land, in the penalty of $1,420 32, with condition to pay to the other children and heirs at law of John Gullet their proportionable shares of $710 16 and interest.

The plaintiff offered the same record of the recognizance, on which was indorsed several receipts by the heirs at law of John Gullet, to prove satisfaction of their shares of the recognizance. This was objected to on the ground that these docket entries of satisfaction were not evidence in themselves, but required proof like any other receipt.

*The Court.*—The case stands thus. It is an action on a sheriff's recognizance, brought by the administrator of a defendant in a judgment for a balance of money in the sheriff's hands, arising on the sale of lands after payment of all liens. The sheriff shows a recognizance in the Orphans' Court, entered into on the acceptance of intestate lands, which, according to the decision of the Court of Errors and Appeals, in *The State, use Ball* vs. *Jaquett.* (*a*) is a *lien* on the lands of the cognizor *from the caption.* The sheriff sets up this recognizance in answer to the plaintiff's claim for the money, and plaintiff must show that it has been *satisfied*, or it is a complete an-

(*a*)  The State, for the use of James Ball, p. b. plaintiff in error *vs.* Major Peter Jaquett.

June Term, 1819.  Writ of error to the justices of the Court of Common Pleas of New Castle county.

The suit below was on a sheriff's recognizance; and the judgment in appeal was as follows :—And now, to wit, this fifteenth day of June, in the year of our Lord one thousand eight hundred and nineteen ; this cause coming before the court in the presence of counsel on both sides, and the record and proceedings aforesaid being inspected and examined ; and the errors assigned being seen and considered ; and it appearing to the court that there is no error in the record and proceedings aforesaid, or in the rendition of judgment aforesaid ; and the court considering that the recognizance of a sheriff, being a recognizance with a collateral condition, and not a lien upon land from the caption thereof, but the judgment obtained by the party aggrieved, upon proceedings to be had as directed by the act of assembly in that behalf provided, creates a lien for such sum as is recovered in such judgment by the party aggrieved and no more ; and from the date of such judgment and not before; such recognizance differing from a recognizance in the Orphans' Court, taken to secure the payment of the valuation of intestate's real estate, the same being for the payment of money absolutely, and a lien upon lands from the caption. It is, therefore, considered by the court, that the judgment aforesaid be in all things affirmed," &c. &c.

NOTE.  This is not altered by the subsequent acts of assembly except as to limitation.  (See *Dig.* 324, 396.)

swer. There are several entries on the record acknowledging satisfaction for shares of the recognizance, but these must be proved in like manner with other receipts, to wit : that they were made by the persons whose receipts they purport to be, and that such persons are interested in the recognizance and authorized to satisfy it.

The plaintiff was nonsuited,

*Huffington,* for plaintiff.
*Frame,* for defendant.